AMERICAN SECURITY LIFE ASSURANCE COMPANY OF NORTH CAROLINA, a North Carolina corporation, in liquidation, and James E. Long, As Commissioner of Insurance of the State of North Carolina and Liquidator of American Security Life Assurance Company of North Carolina, Plaintiffs,

v.

Raymond K. MASON, Sr., Rebuilding Service, Incorporated, and Geltech, Incorporated, Defendants.

No. 93–494–CIV–5–H.

United States District Court, E.D. North Carolina, Raleigh Division.

Nov. 5, 1993.

Joseph W. Eason, Raleigh, NC, for American Sec. Life Assur. Co. of NC.

Anita LeVeaux Quigless, NC Dept. of Justice, Raleigh, NC, for James E. Long.

M. Keith Kapp, Frank J. Jordan, Raleigh, NC, for Raymond K. Mason, Sr. & Rebuilding Service.

Gary Walker Jackson, Winston–Salem, NC, for Geltech, Inc.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the plaintiffs' motion for the court to remand the case to the Superior Court of Wake County, North Carolina. Each of the defendants filed a response in opposition, and the plaintiffs replied. The matter is ripe for disposition.

### STATEMENT OF THE CASE

This case was removed to federal court from the Superior Court of Wake County, North Carolina by defendants Raymond K. Mason and Rebuilding Service, Incorporated on August 16, 1993. Plaintiffs concede that the court has jurisdiction because of diversity of citizenship. However, the plaintiffs contend that the court ought to abstain from deciding the case under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and consequently remand the case to the Wake County Superior Court. Defendants unanimously contend that abstention would be improper.

### STATEMENT OF THE FACTS

The complaint states that plaintiff American Security Life Assurance Company of North Carolina ("American") is insolvent and was placed into liquidation pursuant to North Carolina insurance law by an order of the Wake County Superior Court. Plaintiff James E. Long, as the state Commissioner of Insurance, was named by the Wake County court as the liquidator. One of his powers as liquidator is to pursue legal action on behalf of American.

Plaintiffs filed the present action in state court on July 16, 1993. Plaintiffs are proceeding under N.C.G.S. § 58–30–140 to recover amounts which the defendants allegedly received as fraudulent conveyances.

### DISCUSSION OF THE LAW

*New Orleans Public Services, Inc. v. New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) ("NOPSI") recently clarified the scope of the *Burford* abstention doctrine.

> *Burford* abstention is appropriate ... "(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*Neufeld v. City of Baltimore*, 964 F.2d 347, 349 (4th Cir.1992), *quoting NOPSI*, 491 U.S. at 361, 109 S.Ct. at 2514.

Plaintiffs contend that "*Burford* abstention has been applied in actions brought by court-appointed liquidators of insolvent insurers." Mem. of Law in Supp. of Pls.' Mot. for Remand at 3. Plaintiffs rely specifically on a four-part analysis developed by the United States Court of Appeals for the Tenth Circuit in *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699 (10th Cir.1988), *cert. denied*, 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 934 (1989). "Applying each of the factors set forth in *Grimes*, the [c]ourt cannot escape the conclusion that *Burford* abstention is appropriate and necessary." Mem. of Law in Supp. of Pls.' Mot. for Remand at 8.

However, the court finds that it is not bound to follow the *Grimes* analysis, because *Grimes* is not a decision by the United States Court of Appeals for the Fourth Circuit and because *Grimes* is a pre-*NOPSI* decision. The court also finds that *Grimes'* precedential value is suspect because "*Grimes* was based mainly on Second Circuit authority

which 'adopted a broad view of abstention' ... [and] *NOPSI* does not permit a broad view of abstention." *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497 (8th Cir.1992) (citation omitted); *see Univ. of Md. v. Peat Marwick Main & Co.,* 923 F.2d 265, 272 (3d Cir.1991) ("It is clear that, after *NOPSI,* federal courts should be more wary of extending the scope of *Burford* abstention.") and *Fragoso v. Lopez,* 991 F.2d 878, 884 (1st Cir.1993) ("We believe ... that the circuit court cases favoring abstention in insurer insolvency matters are suspect in light of *NOPSI.*").

The court further finds that *Burford* abstention is inappropriate in the present case. Concededly, American's liquidation status is governed by a complex set of state insurance laws codified under the heading "Insurers Supervision, Rehabilitation, and Liquidation" at N.C.G.S. §§ 58–30–1 to 58–30–310. The court specifically notes that the statutes declare that "[a]ll actions authorized in this Article shall be brought in the Superior Court of Wake County." N.C.G.S. § 58–30–15(d). However, the court finds nothing in the insurance statutes which attempts to foreclose federal diversity jurisdiction over liquidation actions.

The court additionally finds that the present case fits in neither category of post-*NOPSI Burford* abstention. The case does not fit into the first category because it contains no "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case ... at bar." *Neufeld,* 964 F.2d at 349. Instead, the case requires application of a relatively straightforward fraudulent transfer statute in a factual setting with little foreseeable impact on larger public policy questions.

The case also does not fit into the second category of post-*NOPSI Burford* abstention, because the court is unconvinced that "federal review ... would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* Assuming that liquidated insurance companies are matters of "substantial public concern," the court finds that its application of N.C.G.S. § 58–30–140 would not

likely disrupt North Carolina's efforts to establish a coherent policy for dealing with such companies. Because the court is sitting in diversity, its decisions will be guided in part by relevant state law precedent. To be sure, the potential exists for the court to disagree with state precedent and apply its own interpretation of § 58–30–140. However, the mere potential for disagreement with state law is not a sufficient factor to justify abstention. *See id.* 491 U.S. 350, 109 S.Ct. 2506 (*Burford* abstention not necessarily required "even where there exists a potential for conflict between federal and state law"). Also, the court finds that the mere fact that this action will be decided in federal court, rather than in Wake County Superior Court, is also an insufficient "disruption" to warrant *Burford* abstention.

In sum, the court finds that it cannot abstain from deciding this case under the *NOPSI* formulation of *Burford* abstention. The court agrees with the plaintiffs that the case "raise[s] no questions of uniquely federal jurisdiction" and that North Carolina's liquidation laws attempt "'to minimize legal uncertainty and litigation' and to promote 'efficiency and economy of liquidation.'" Pls.' Mot. for Remand at 3 (citation omitted). However, the court finds that *Burford* abstention is nevertheless inappropriate. The court does "not believe, in general, that federal court decisionmaking of the kind that exists alongside state insurance liquidation proceedings so significantly disrupts state regulatory frameworks to call for abstention." *Fragoso,* 991 F.2d at 884.

### CONCLUSION

For the aforementioned reasons, it is hereby ORDERED that the plaintiffs' motion to remand this case to the Superior Court of Wake County, North Carolina is DENIED.

A subsequent order of the court will address the other pending motions filed by the parties.